# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK J. MCCARTY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0446** (BOR Appeal No. 2047732)
　　　　　　　　　(Claim No. 2011040062)

**MOUNTAIN EDGE MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank J. McCarty, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mountain Edge Mining, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2013, in which the Board affirmed a September 17, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 30, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McCarty was helping to load a barge for Mountain Edge Mining, Inc., on June 2, 2011, when he allegedly injured himself while walking to adjust slide lines on a coal barge. According to Mr. McCarty, he stepped on a lump of coal, which caused a loose body in his knee to get caught in his knee joint. Mr. McCarty's knee gave away and he reached for a line to keep from falling off the barge. In the process, he hurt his shoulder and fell into the water despite his attempts to keep himself upright. On his way down into the water, Mr. McCarty alleges that the momentum created trying to save himself propelled his head into the side of the barge, causing his head injury. Mr. McCarty asserted that he swam to the shoreline and crawled up onto it. He

did not use his marine radio to call anyone. He waited until a problem occurred loading the barge to whistle for help. According to Mr. McCarty, he was lying on the shore for about forty-five minutes before help arrived. The claims administrator denied Mr. McCarty's claim, and he protested. Mountain Edge Mining, Inc., has introduced medical records that show Mr. McCarty was examined by doctors prior to his alleged injury for longstanding problems with his shoulder and knee. Mountain Edge Mining, Inc., also argues that Mr. McCarty previously sought treatment for a lesion on his head.

The Office of Judges examined the record and determined that Mr. McCarty could not prove by a preponderance of the evidence that he was injured in the course of and as a result of his employment. To support its decision, the Office of Judges relied on the testimony of four of Mr. McCarty's fellow employees. All four employees noted that the upper half of Mr. McCarty's body was not wet, and three of them noted that Mr. McCarty's vest light was off. All of the coworkers agreed that once a vest light is exposed to water it will blink in perpetuity until the batteries are removed and the switch is dried off. One employee testified that he witnessed footprints leading out of the water to the shoreline where Mr. McCarty was lying. At least two of Mr. McCarty's fellow employees acknowledged that Mr. McCarty had stated that it is more advantageous to be injured on a barge because it could result in a higher award. Furthermore, prior to the alleged injury, Mr. McCarty revealed to one employee that his knee needed medical attention. Mr. McCarty was also caught on security camera going through personnel files before his injury. Mr. McCarty also suffered from a long standing left shoulder pain and right knee problems.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Mr. McCarty has failed to establish that he was injured in the course of and as a result of his employment with Mountain Edge Mining, Inc. The only evidence that Mr. McCarty suffered a work-related injury is his own testimony. There were no witnesses to the event to corroborate the claimant's version of the events. The Office of Judges properly concluded that Mr. McCarty's testimony contained several inconsistencies and was unreliable. The footprints on the shore leading up to where Mr. McCarty's was lying, the non-activated strobe light, and his dry shirt tend to show that he never fell from the barge. Mr. McCarty's statements that he needed medical attention for his knee, accompanied by his statement that getting injured on a barge is more financially advantageous, tend to show fabrication. Finally, all the injuries Mr. McCarty alleges to have occurred on June 2, 2011, have been treated by medical professionals prior to that date.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 17, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin